# In the United States Court of Federal Claims

No. 09-838 L

(Filed April 29, 2010)

```
* * * * * * * * * * * * * * * * * * * *
RONALD AND CAROLYN          *
MORGAN,                     *
                            *
            Plaintiffs,     *
                            *
        v.                  *
                            *
THE UNITED STATES,          *
                            *
            Defendant.      *
* * * * * * * * * * * * * * * * * * * *
```

## ORDER

On April 20, 2010, the parties filed their Joint Motion to Consolidate Pursuant to RCFC 42.1(a).  Therein, counsel for the respective parties report that five cases presently pending before the undersigned (*Ronald and Carolyn Morgan v. United States,* No. 09-838L; *Kim Goodman v. United States*, No. 09-839L; *Wayne A. Brackett and Jeanne V. Brackett v. United States*, No. 09-840L; *Danny Wayne Graham v. United States*, No. 09-850L; and *George Paul Lengen and Anna Lengen v. United States*, No. 10-29L) are appropriate for consolidation and should therefore be consolidated.  Previously, because *Morgan* was the first-filed case, and because the undersigned was the presiding judge over *Morgan*, the four later-filed cases were transferred to the undersigned at the request of the parties.  At that time, in support of the referenced motions to transfer, counsel averred:

> The parties agree that transfer and reassignment of the
> Goodman case as well as the Brackett, Graham, and
> Lengen cases to Judge Bush will serve to conserve
> judicial resources and promote an efficient determination
> of the issues in all five cases.  See RCFC 40.1(b).  All
> five cases involve the same factual background and legal

issue.  Non-transfer of this case would, in addition to
making it more time consuming to resolve, create the
possibility for multiple inconsistent verdicts on
essentially the same issues and questions of law.

Joint Mot. to Transfer Pursuant to RCFC 40.1(b).

In their current motion to consolidate, the parties state that the five cases
should be consolidated because the legal issues are identical and the five properties
are located within the same noise zone and same accident potential zone.  Counsel
also generally assert that consolidation would streamline matters and reduce
inefficiences.

Rule 42(a) of the Rules of Court of Federal Claims (RCFC) states that if
actions before the court involve a common question of law or fact, the court may
order a joint hearing or trial of any or all matters at issue in the actions; consolidate
the actions; or issue any other orders to avoid unnecessary cost or delay.  RCFC
42(a).  In determining whether consolidation is appropriate, the court must weigh
the interest of judicial economy against the potential for delay, confusion, and
prejudice that may result from consolidation.  *Cienega Gardens v. United States*,
62 Fed. Cl. 28, 31 (2004) (citing *Karuk Tribe of Cal. v. United States*, 27 Fed. Cl.
429, 433 (1993)).  The court has broad discretion to determine whether
consolidation is appropriate and, although taking the positions of the parties into
account, will not accord the parties' views dispositive weight.  *Id*. at 32.

Here, the bases which the parties reference as reasons to consolidate are
generally the same as those referenced as reasons to transfer the four later-filed
cases to the undersigned.  However, at this point, counsel have not convinced the
court that additional benefits will derive from consolidation which are not already
available as a result of a single judge presiding over cases in which government
counsel is the same for all cases and in which plaintiffs are all represented by the
same counsel.  There is nothing to preclude coordination of the litigation of just
five cases (including any necessary discovery), such that optimum efficiency and

conservation of resources may be achieved.[1]  Thus, at this point, the court declines the parties' request to consolidate.  In the event that it subsequently becomes apparent that it would be more advantageous to consolidate the five cases, the court may revisit the issue.

Accordingly, it is hereby **ORDERED** that the parties' Joint Motion to Consolidate Pursuant to RCFC 42.1(a), filed April 20, 2010, is **DENIED**.

/s/Lynn J. Bush
LYNN J. BUSH
Judge

---

[1]/ If the parties desire, they might consider designating one of the five cases as a lead case and agree to the suspension of the remaining four cases.  It also appears that it would be most efficient for the parties to resolve the question of liability at the outset, reserving the question of any damages for the separate parties until after the establishment of liability.  The court will, of course, entertain any suggestions or requests the parties submit regarding approaches counsel may wish to undertake in the coordination of the litigation in these five cases.